FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2003 SEP 12 A 6: 39

WILLIE MATHEWS,

        Plaintiff,

vs.                                          Case No. 3:99-cv-1117-J-32MMH

JAMES V. CROSBY, JR., et al.,

        Defendants.

## ORDER

This case is before the Court on Plaintiff's Motion for Voluntary Dismissal of Defendant Poston (Doc. 238). Defendant Poston filed a response (Doc. 248) and at the Court's direction, plaintiff filed a reply (Doc. 259). Defendant Poston now moves to file a sur-reply (Doc. 265).

Plaintiff filed this civil rights action against defendant Poston and others on November 10, 1999. Following motion practice and pleading amendments, defendant Poston filed his answer, the parties engaged in discovery, and on February 24, 2003, defendant Poston filed a motion for summary judgment. Three days before his responsive brief was due to be filed, plaintiff filed this motion to voluntarily dismiss defendant Poston with prejudice under Rule 41(a) of the Federal Rules of Civil Procedure.

Under Fed.R.Civ.P. Rule 41(a), once a responsive pleading has been filed, a plaintiff may voluntarily dismiss a defendant only upon stipulation of all parties or with leave of Court. While eager to be dismissed from this case, defendant Poston declined

284

to stipulate to plaintiff's voluntary dismissal because defendant Poston seeks to condition such dismissal upon the payment of his attorney's fees.[1]  Thus, because the parties have not stipulated to the voluntary dismissal, plaintiff now seeks leave of Court under Fed.R.Civ.P. Rule 41(a)(2) to dismiss defendant Poston.

The Court enjoys broad discretion to fashion a Rule 41(a)(2) dismissal under such terms and conditions as are just. McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986).  In this case, justice will be best served by directing the dismissal of defendant Poston with prejudice without further delay.  However, the issue of his entitlement to attorney's fees appears to be a factually intensive complex matter not so easily or quickly resolved.  See, e.g., Dean v. Riser, 240 F.3d 505, 511 (5th Cir. 2001) (before awarding fees to voluntarily dismissed defendant in civil rights action, court must first find plaintiff dismissed his case "to avoid judgment on the merits" following which burden then shifts to defendant to show that "plaintiff's suit was frivolous, groundless or without merit").  The Court finds the appropriate balance can be struck by ordering the immediate dismissal of defendant Poston with prejudice but permitting him to file a post-judgment motion for attorney's fees and costs.[2]

---

[1] Plaintiff does not contest that defendant Poston may seek to recover his costs. See Doc. 238 at 2.

[2] In the context of this motion, defendant Poston is free to raise those matters he sought to bring to the Court's attention in his proposed sur-reply. See Doc. 265.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Voluntary Dismissal of Defendant Poston (Doc. 238) is **GRANTED** to the extent that defendant Poston is hereby **DISMISSED** from this case **WITH PREJUDICE**.

2. The Clerk is directed to enter judgment for defendant Poston and against plaintiff. (The Clerk is advised, of course, that this entry is limited to these two parties as this case otherwise remains open and set for trial).

3. Defendant Poston is free to file whatever post-judgment motions he deems appropriate.

4. Defendant Poston's Motion for Summary Judgment (Doc. 195) and Motion for Leave to File Reply to Plaintiff's Reply on His Motion for Voluntary Dismissal of Defendant Poston (Doc. 265) are **DENIED** as **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of September, 2003.

TIMOTHY J. CORRIGAN
United States District Judge

Copies:

counsel of record

F I L E   C O P Y

Date Printed: 09/12/2003

Notice sent to:

    Guy Bennett Rubin, Esq.
    Rubin & Rubin
    P.O. Box 395
    Stuart, FL  34995

    3:99-cv-01117    lph

    Stuart M. Address, Esq.
    Rubin & Rubin
    P.O. Box 395
    Stuart, FL  34995

    3:99-cv-01117    lph

    Kevin Anthony Blazs, Esq.
    Gobelman, Love, Gavin, Blazs & Wasilenko
    815 S. Main St., Suite 300
    Jacksonville, FL  32207

    3:99-cv-01117    lph

    Ronald S. Wasilenko, Esq.
    Gobelman, Love, Gavin, Blazs & Wasilenko
    815 S. Main St., Suite 300
    Jacksonville, FL  32207

    3:99-cv-01117    lph

    Robert H. Ellis, Esq.
    Gobelman, Love, Gavin, Blazs & Wasilenko
    815 S. Main St., Suite 300
    Jacksonville, FL  32207

    3:99-cv-01117    lph

    Robert E. Blanchfield, Esq.
    Gobelman, Love, Gavin, Blazs & Wasilenko
    815 S. Main St., Suite 300
    Jacksonville, FL  32207

    3:99-cv-01117    lph

    Theodore R. Doran, Esq.
    Doran, Rost, Wolfe & Ansay
    444 Seabreeze Blvd.
    Suite 800
    Daytona Beach, FL  32118

    3:99-cv-01117    lph

___ Aaron R. Wolfe, Esq.
    Doran, Rost, Wolfe & Ansay
    444 Seabreeze Blvd.
    Suite 800
    Daytona Beach, FL  32118

    3:99-cv-01117    lph

___ Kelly Overstreet Johnson, Esq.
    Broad & Cassel
    215 S. Monroe St., Suite 400
    P.O. Box 11300
    Tallahassee, FL  32302

    3:99-cv-01117    lph

___ Jeffrey Allen Cramer, Esq.
    The Cramer Law Firm
    8823 San Jose Blvd., Suite 306
    Jacksonville, FL  32217

    3:99-cv-01117    lph

___ John F. Dickinson, Esq.
    Constangy, Brooks & Smith, LLC
    P.O. Box 41099
    Jacksonville, FL  32203

    3:99-cv-01117    lph

___ F. Damon Kitchen, Esq.
    Constangy, Brooks & Smith, LLC
    P.O. Box 41099
    Jacksonville, FL  32203

    3:99-cv-01117    lph

___ J. Ray Poole Jr., Esq.
    Constangy, Brooks & Smith, LLC
    P.O. Box 41099
    Jacksonville, FL  32203

    3:99-cv-01117    lph

___ Martha Della Wallace Bolton, Esq.
    Marks, Gray, P.A.
    1200 Riverplace Blvd., #800
    P.O. Box 447
    Jacksonville, FL  32201-0447

    3:99-cv-01117    lph

___ Robert S. Griscti, Esq.
    Turner & Griscti, P.A.
    204 W. University Ave., Suite 6
    P.O. Box 508
    Gainesville, FL  32602

    3:99-cv-01117    lph

___ Susan A. Maher, Esq.
General Counsel's Office
Department of Corrections
2601 Blair Stone Rd.
Tallahassee, FL  32399-2500

3:99-cv-01117    lph

___ Susan Patricia Stephens, Esq.
Attorney General's Office
Corrections Litigation Branch
The Capitol, Suite PL-01
Tallahassee, FL  32399-1050

3:99-cv-01117    lph